**STATE OF ILLINOIS, et al., Plaintiffs,**

v.

**William S. COLEMAN, et al., Defendants.**

**Civ. A. No. 76–1961.**

United States District Court, District of Columbia.

April 25, 1985.

George William Wolff, Office of Atty. Gen., Chicago, Ill., Janet G. McCabe, Maxine I. Lipeles, Dept. of Atty. Gen., Boston, Mass., John F. Shea, III, Dept. of Law, John Prondfit, Asst. Atty. Gen., New York City, William J. Barzano, Jr., Asst. Atty. Gen., State of Ill., Environmental Control Div., Chicago, Ill., for plaintiffs.

Thomas A. Pursley, III, Charles W. Shipley, Dept. of Justice, Lawrence R. Lieberman, Asst. Atty. Gen., Dept. of Justice, Lands & Natural Resources Div., Environmental Defense Section, Bingham Kennedy, Pollution Control Section, Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

This action involves a claim for attorneys' fees pursuant to the Noise Control Act of 1972 ("Act"), 42 U.S.C. § 4901, *et seq.* The Act provides that any "person" may commence a civil action against the Administrator of the Federal Aviation Administration ("FAA") where it is alleged that the Administrator has failed to perform a nondiscretionary function. 42 U.S.C. § 4911(a). The statute permits a party to recover the costs of litigation, including reasonable attorneys' fees, whenever the court determines it appropriate. *Id.* § 4911(d).

Petitioners, several state attorneys general, sought to compel the Administrator of the FAA to prescribe regulations concerning the abatement of aircraft noise. In the alternative, petitioners sought to compel the Administrator to adopt the regulations proposed by the Environmental Protection Agency ("EPA") or publish a notice setting forth his reasons for the decision not to prescribe such regulations. This Court granted summary judgment in petitioners' favor on their second claim for relief. *See* Memorandum Order, filed March 11, 1981. On June 12, 1981, the FAA adopted several portions of the regulations proposed by the EPA, as modified, and explained its reasons for not prescribing the remaining portions of the proposed regulations.

The issue is whether states, as parties in citizen suits under the Act, may be awarded attorneys' fees. The government claims

that an award of attorneys' fees is inappropriate because fee awards are intended as an incentive to private parties to implement congressional statutory goals where economic barriers would otherwise prevent such litigation. It asserts that since these states have fully-staffed attorney general offices with broad revenue-raising ability, they are not deterred from pursuing the goals of the Act.

The government's position is not supported by the statutory framework, which explicitly allows "persons" to sue the FAA administrator, *id.* § 4911(a)(2)(B), and "persons" is defined to include states. *Id.* § 4902(2). In turn, § 4911(d) provides for attorneys' fees to parties suing under § 4911(a). Section 4911(d) does not limit awards of attorneys' fees to private parties, and explicitly permits awards to "any party." Thus, a literal reading of the statute clearly places states within the parameters of eligible fee recipients.

■ This interpretation of the statute is also supported by the 1970 amendments to the Clean Air Act, 42 U.S.C. § 7604(d), which were expressly incorporated in the Noise Control Act. *See* S.Rep. No. 1160, 92d Cong., 2d Sess. 17, *reprinted in* 1972 U.S.Code Cong. & Ad.News 4655, 4667. The attorneys' fees provisions of the two statutes should be interpreted similarly. *See Ruckelshaus v. Sierra Club*, 463 U.S. 680, 103 S.Ct. 3274, 3275 n. 1, 77 L.Ed.2d 938 (1983). The availability of fees under the 1970 amendments is in turn illuminated by the identical provision for fees in the 1977 amendments to the Clean Air Act, 42 U.S.C. § 7607(f), enacted seven years later. *Id.*, 103 S.Ct. at 3281 n. 13. The attorneys' fees provision of the 1977 amendments to the Clean Air Act was discussed in *Alabama Power Co. v. Gorsuch*, 672 F.2d 1 (D.C.Cir.1982). There, our Court of Appeals held that certain regulations promulgated by the Environmental Protection Agency were contrary to legislative intent, and awarded attorneys' fees to the prevailing plaintiffs, including the District of Columbia. The Court stated that "the dominant consideration" was whether the parties had "served the public interest by assisting the interpretation or implementation" of the Act. *Id.* at 3. Although the Court noted that under certain circumstances, "financially able nongovernmental part[ies]" might not be eligible for fee awards, this limitation did not apply to the District of Columbia, which as "a governmental entity [ ] was representative of its citizenry." *Id.* at 5.

■ The states in this case are in an analogous position to the District of Columbia in *Alabama Power Co. v. Gorsuch, supra.* Here, the petitioners were successful in their efforts to force the FAA to perform its functions as mandated by law. They are representative of the citizens of their states, and it can hardly be doubted that the public will benefit from the promulgation of rules governing aircraft noise. The FAA concedes that the petitioners were "motivated to promote the goals of the statute" and that their "position was clearly upheld" by this Court. Defendants' Opposition at 2–3. Thus, having satisfied the public benefit requirement and having prevailed in the lawsuit, the petitioners in this case are entitled to reasonable attorneys' fees for both claims presented in this lawsuit.

In view of this ruling, the parties shall confer in an attempt to reach a joint agreement concerning the appropriate award of fees and costs. Such an agreement shall be filed with the Court on or before May 31, 1985. In the absence of such an agreement, plaintiffs shall supplement their motion by filing a request for the fees claimed, along with all appropriate documentation, on or before June 14, 1985. The government shall file a response by June 26, 1985. The principles enunciated in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), as interpreted in *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4 (D.C.Cir.1984), shall govern the Court's disposition of this matter.

Counsel shall file a praecipe indicating any changes in their current addresses and telephone numbers.